Frost, J.
dissenting. — The plaintiff and defendant both derived title from John Ingrem ; the plaintiff, by a sale under execution, in 1847; and the defendant by a sale under execution in 1844. The plaintiff charged that the sale, under which the defendant made title, was a fraudulent device of John Ingrem to protect the land from his creditors, and secure it for his own use. It was alleged that the fraud was effected by collusion between John Ingrem and the plaintiff in the execution, and the sheriff; and that the conveyance of the land, by the sheriff, to John A. Ingrem, and by him, at the direction of John Ingrem, to Charlotte, the daughter of John Ingrem, and wife of the defendant, Phillips, was a co-vinous device to secure the land for John Ingrem. It is unnecessary to refer to the evidence. It may not be very conclusive of the charge; but the new trial, in the opinion which has been read, is not granted on the ground of its insufficiency.
On the issue of fraud, thus made by the plaintiff, the jury were instructed, that if the conveyance by the sheriff to John A. Ingrem, and the conveyance by the latter to Charlotte In-grem, (both made by the direction of John Ingrem,) were employed by John Ingrem to cover and retain his land, as his own property, and protect it from the claims of his creditors, the transaction was fraudulent and void: and the land was subject to levy and sale, as the property of John Ingrem; and, in that case, the plaintiff should have a verdict.
The verdict was for the plaintiff. If it be sustained by sufficient evidence, it is impossible to conceive on what principles of law, heretofore recognised, it can be set aside for error in the instruction of the Circuit Judge. It is a maxim that fraud vitiates all contracts ; and that all deeds, stipulations and agreements, made with a fraudulent intent, are null aud void; creating no obligation and transferring no right. The rule operates to defeat the fraud, whatever may be the complexity and extent of the devices and expedients by which, it may be attempted to conceal the true character of the transaction. If John Ingrem did, by fraudulent collusion, procure his land to be bid off by his son John A. Ingrem, for a nominal price, and did direct that the sheriff should make the deed to his son, and that his son should make a convey- *572 anee of the land to the defendant’s wife; and did make use of these conveyances, more effectually to conceal his design and secure the land for himself, the transaction was fraudulent ; and the conveyances, designed to give it effect, are void; transferring no interest or estate in the land. The title to the same remains in John Ingrem, as if no such deeds had ever been executed. There were creditors of John In-grem at the time of the sale, the payment of whose debts it was his declared purpose to defeat.
But it is argued* that none but creditors, at the date of the sale to John A. Ingrem, can impeach the defendant’s title; and that the judgment of Arant, under which the plaintiff purchased, having been rendered after the first sale, and the debt recovered having also been contracted after that time, the land was not subject to levy and sale, at Arant’s suit. This objection cannot apply if the sheriff’s sale, and the conveyances to John A. Ingrem and Charlotte Phillips were void, for fraud. In that case the title of John Ingrem to the land never passed from him; but he was seized and possessed of it, in the same manner as if the sale and conveyances had never been made.
If the conveyance to Charlotte Phillips did not form any part of John Ingrem’s scheme of fraud, but was, bona fide, a gift by him to his daughter, another rule would apply. Accordingly, a second issue was presented to the jury, whether the conveyance of John A. Ingrem to Charlotte Phillips was intended as a gift to her. On this subject, they were instructed that, even if John Ingrem, by paying the purchase money to the sheriff, was the actual purchaser, yet if, (without any imputation of fraud, otherwise) he had ion a fide directed the title to be made to her by John A. Ingrem, as a gift, it might be valid as a gift, since there was no evidence of any prior creditors, whose rights might, thereby, be infringed. The distinction was thus presented, between the effect of the conveyance to Charlotte Phillips, as a mere instrument of the fraud, whereby John Ingrem designed to secure the land to himself, and the effect of the same deed, as a voluntary gift to his daughter. In the former case, the deed was void, and the property in the land not being changed, it was subject to levy and sale under a judgment agaiust John Ingrem, whatever might be its date. But if the conveyance was, bona fide, intended as a gift from John Ingrem to Charlotte Phillips, it was fraudulent only against creditors, existing at the time; and no others could impeach it. Accordingly the jury were instructed, if they were satisfied this was the case, to find a verdict for the defendant.
The doctrine of resulting trusts has no application to the case. A resulting trust arises where the conveyance is made to one person, and the purchase money is paid by another. *573 This is the only resulting trust known in the Chancery jurisdiction; except in some cases of fraud. All the trusts of the latter class, are measures of redress against fraud, which the Court of Chancery employs to make retribution to the innocent subject of the fraud. The fraudulent party is charged with a trust as a mode of reparation. A resulting trust for the benefit of the fraudulent party, would be an extraordinary measure of justice. If the conveyance to Charlotte Phillips was part of the fraudulent scheme of John In-grem to secure the land to himself, no resulting trust could be decreed for him against Charlotte Phillips. The decree in such case would be, that the deeds should be delivered up and cancelled: and the parties restored to their original rights. If the conveyance to Charlotte Phillips was bonafide a gift of the land to her, it would be opposed to the effect and intention of the deed to raise a resulting trust to John Ingrem.
4 Kent Com. 306-